IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | |
| v. | Case No. 4:20-CR-40047 |
| BENNIE LEROY CARRUTHERS, JR.,<br>    Defendant. | |

**Order**

The Defendant, Bennie Leroy Carruthers, Jr., filed a Motion for Bond (D. 39[1]) on October 14, 2021, after the Court accepted his plea of guilty to possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1) & (b)(1)(D)) and possession of a firearm by a felon (18 U.S.C. § 922(g))). (D. 1 & 38). For the reasons stated, *infra*, the motion is denied.

**I**

A grand jury charged the Defendant in a 3-count indictment with possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1) & (b)(1)(D)) (Count 1); possession of a firearm in furtherance of a drug trafficking offense (18 U.S.C. § 924(c)) (Count 2); and possession of a firearm by a felon (18 U.S.C. § 922(g)) (Count 3). On October 5, 2020 at the Defendant's initial appearance, he requested a detention hearing, but thereafter waived his right to that hearing. (Minute Entry of 10/01/2020 & D. 14).

On September 15, 2021, the Defendant entered a guilty plea pursuant to a plea agreement to Counts 1 and 3 of the Indictment. (Minute Entry of 9/15/2021).

---

[1] Citations to the docket in this case are abbreviated at "D. __ at ECF p.__."

The parties entered into the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) & (C). (D. 33). More specifically, the parties agreed that the Defendant's total term of imprisonment should be 90 months and, if the Court rejected that portion of the agreement, then the Defendant could withdraw his guilty plea. (D. 23 at ECF 1 & 12). The magistrate judge entered a report and recommendation that the plea of guilty be accepted (D. 34), and the district judge thereafter accepted it on September 30, 2021, after the period for objecting to the report and recommendation passed (D. 38). The matter is now set for sentencing on January 20, 2022.

The Defendant filed the motion for bond presently before the Court on October 14, 2021, after the Court accepted his guilty plea but before his scheduled sentencing hearing. That motion asserts that the Defendant can be released on bond pending his sentencing hearing because a third-party custodian is willing to supervise the Defendant while on bond, but the motion does not cite the statutory provision under which the Defendant seeks release. (D. 39).

II

Although a Defendant who initially waives his right to a detention hearing may thereafter move for a detention hearing without demonstrating the threshold requirements for re-opening a detention hearing set forth at 18 U.S.C. § 3142(f) (providing that a detention hearing may be re-opened anytime before trial if the movant can demonstrate "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on release or detention), the standard for release is different once a Defendant enters a guilty plea or has been found guilty after a trial. *See* 18 U.S.C. § 3143 ("Release or detention of a defendant pending sentence or appeal").

Title 18 of the United States Code, Section 3143 governs release or detention pending sentence or appeal. Subsection (a)(1) provides that, in general, "a judicial

officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained" unless the Sentencing Guidelines do not recommend a term of imprisonment or the judicial officer finds by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . . .. *Id.* "If the judicial officer makes such a finding," then the Defendant "shall" be released in accordance with 18 U.S.C. § 3142(b) or (c).

In other words, for all offenses governed by subparagraph (a)(1), a defendant shall be detained unless *either* the Guidelines do not recommend a term of imprisonment *or* the defendant is neither a risk of flight nor a danger to the community. For offenses governed by subparagraph (a)(2), however, it is not enough for a defendant to secure release by showing only that he is neither a risk of flight nor danger to the community.

For the offenses specified in subparagraphs (A), (B), and (C) of subsection (f)(1) of Section 3142, the standard is different. 18 U.S.C. § 3143(a)(2). Those offenses are:

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

18 U.S.C. § 3142(f). Subsection (a)(2) of Section 3143 states that a "judicial officer shall order that a person who has been found guilty" of these offenses and is "awaiting imposition or execution of sentence be detained unless":

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 1343(a)(2).

Subparagraph (a)(2) uses the conjunctive "and" between (A) and (B). The use of "and" between subparagraphs (A) and (B) makes clear that when a Defendant is awaiting sentence for these specific offenses, he can only be released or remain on pretrial release if *both* he is not a risk of flight or danger to the community (§1343(a)(2)(B)) *and* that *either* there is a substantial likelihood that a motion for acquittal *or* new trial will be granted or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person (§1343(a)(2)(A)(i) & (ii).

Although subparagraph (a)(2) requires a Defendant be detained if both (A) and (B) are not met, the Seventh Circuit has interpreted 18 U.S.C. § 3145(c) as providing "an avenue of relief from the mandatory detention provisions" discussed, *supra*. *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992). That section provides that "a person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). In other words, if a Defendant is convicted of an offense governed by subparagraph §3143(a)(2) and he cannot satisfy its requirements for release, he

may still be released if he satisfies the requirements of subparagraph (a)(1) (Guidelines do not recommend a term of imprisonment *or* neither a risk of flight nor danger to the community *and* "exceptional reasons" why detention would not be appropriate). 18 U.S.C. § 3143(a)(1) & (2); 18 U.S.C. § 3145(c); *Herrera-Soto*, 961 F.2d at 647.

To sum all this up:

- For (a)(1) offenses, a defendant shall be detained unless he demonstrates
    - *either* that the Guidelines do not recommend a term of imprisonment
    - *or* that he is neither a risk of flight nor a danger to the community.
- For (a)(2) offenses, a defendant shall be detained unless he demonstrates
    - *both* that
        - *either* there is a substantial likelihood that a motion for acquittal or a new trial will be granted
        - *or* an attorney for the Government has recommended no term of imprisonment
    - *and* that he is neither a risk of flight nor danger to the community
    
    OR
    - *Both* that
        - *either* that the Guidelines do not recommend a term of imprisonment
        - *or* that he is neither a risk of flight nor a danger to the community
    - *and* that exceptional reasons exist demonstrating why detention would not be appropriate.

### III

In this case, the Defendant pleaded guilty to possession with intent to distribute marijuana charged pursuant to 21 U.S.C. § 841(a)(1) & (b)(1)(D), which ordinarily carries a statutory maximum term of imprisonment of not more than 5

5

years. 21 U.S.C. § 841(b)(1)(D). However, in the Defendant's Plea Agreement, he agreed that he has a prior felony drug offense, such that the statutory maximum term of imprisonment increases to no more than 10 years' imprisonment. (D. 33 at ECF pp. 5; 21 U.S.C. § 841(b)(1)(D)). He also waived any formal notice requirements set forth in 21 U.S.C. § 851 regarding the enhancement of the statutory maximum imprisonment term. *Id.* at 7. Accordingly, the Defendant's plea of guilty to this offense brings him under the provisions of §3143(a)(2) as "an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act . . . ." The Defendant cannot satisfy all the requirements for release under this subsection.

Specifically, regarding subparagraph (i), given the plea of guilty, there is no possibility that a motion for acquittal or new trial will be granted. Regarding subparagraph (ii), the parties agree that a term of 90 months' imprisonment is appropriate, thereby eliminating the possibility that the Government "has recommended that no sentence of imprisonment be imposed." Having failed to meet either of these requirements, the defendant must be detained under (a)(2) even if he could demonstrate that he is neither a risk of flight nor a danger to the community.

He may, however, be able to still demonstrate he should be released under §3145(c) for "exceptional reasons," provided he can also demonstrate by clear and convincing evidence that he is neither a risk of flight nor danger to the community under subsection (a)(1). Although his motion neither specifies under which statutory provision he believes he is entitled to release, nor asserts any exceptional reasons, he may renew his motion if he believes he can meet the legal standards set forth, *supra*.

**IV**

For the reasons stated, *supra*, the motion for bond (D. 39) is denied, with leave to renew under 18 U.S.C. § 3145(c).

*It is so ordered.*

Entered: October 15, 2021

<u>s/Jonathan E. Hawley</u>
U.S. Magistrate Judge